UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| PARTS.COM, LLC, | CASE NO. 13-CV-1078 JLS (JMA) |
|---|---|
| Plaintiff, | **ORDER: (1) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE; AND (2) DENYING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| YAHOO! INC., | |
| Defendant. | (ECF No. 24) |

Presently before the Court is Defendant Yahoo! Inc.'s ("Yahoo" or "Defendant") Motion to Dismiss ("MTD"). (ECF No. 24.) Also before the Court are Plaintiff Parts.com, LLC's ("Parts.com" or "Plaintiff") Opposition to (ECF No. 25) and Yahoo's Reply in Support of (ECF No. 28) the MTD, as well as Yahoo's Request for Judicial Notice ("RJN") (ECF No. 24-2). The Court vacated the hearing set for February 13, 2014 and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 30.) Having considered the parties' arguments and the law, the Court **GRANTS** Yahoo's RJN and **DENIES** Yahoo's MTD.

**BACKGROUND**

The Court's December 4, 2013 Order provides a thorough summary of the factual and procedural background of this case. (*See* Order 1–2, ECF No. 18.) This Order incorporates by reference the background as set forth therein.

On December 18, 2013, Parts.com filed a First Amended Complaint ("FAC")

alleging two claims: federal trademark infringement and dilution. (ECF No. 19.) The FAC both adds to and subtracts from Parts.com's original allegations.

Parts.com adds a timeline of its publicity efforts and expenditures. In 1998, the company went public and raised $8 million. (FAC ¶ 8, ECF No. 19.) On January 23, 2000, the parts.com website went live, and Parts.com claims to have since "expended hundreds of thousands of dollars and thousands of hours" promoting the goodwill and brand recognition of the Parts.com mark. (*Id.* ¶¶ 8–9.) In the year 2000, Parts.com placed full-page advertisements in a "prominent automotive industry trade publication" circulated to between 40,000 and 100,000 people. (*Id.* ¶ 10.) That same year, it spent several hundred thousand dollars sponsoring a "prominent NASCAR driver" and hiring employees to help promote the company at NASCAR events. (*Id.*) From November 2010 to November 2011, Parts.com spent $600,000 on advertising spots with Time Warner Cable, reaching over 24 million homes nationwide. (*Id.* ¶ 12.) And most recently, in 2013, Parts.com sponsored Superboat Extreme National Championships, a company that hosts multiple national boat races per year. (*Id.*)

Parts.com alleges that its damages are premised at least in part on AutoNation's decision not to renew a multi-million-dollar contract as Parts.com's exclusive distributor, purportedly because of the decline in Parts.com's sales caused by Yahoo's alleged infringement. (*Id.* ¶ 11.)

Parts.com also details the company's growth. From 2001 to the present, Parts.com went from having 2,000 dealership customers representing 34 vehicles lines to 6,500 dealerships representing 45 vehicle lines. (*Id.* ¶ 10.) The website grew from "just a few thousand customers and only a few hundred thousand dollars in revenues" in 2007 to "tens of thousands of customers and over $5 million in annual revenue." (*Id.* ¶ 14.) The website also went from having "nominal site traffic" to "hundreds of thousands of page views and tens of thousands of unique site visitors every month." (*Id.*)

One notable omission from the original Complaint is Parts.com's allegation that

Yahoo has been infringing the Parts.com mark "from 2007 to the present." (Compl. ¶ 18, ECF No. 1.) In its Opposition, Parts.com explains that the 2007 reference was accidentally copied from a complaint in a different action, and that it will not know exactly when infringement began until discovery is conducted.[1] (Opp'n 5, ECF No. 25.)

Yahoo filed the present MTD on January 10, 2014.

## REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "Judicially noticed facts often consist of matters of public record." *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citations omitted); *see also W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992). While "a court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not take notice of "the truth of the facts cited therein." *Marsh v. Cnty. of San Diego*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

Yahoo asks the Court to judicially notice the following two (2) documents, both filed in the present action: (1) Parts.com's Complaint, filed on May 6, 2013 (ECF No. 1); and (2) Parts.com's Opposition to Yahoo! Inc.'s Motion to Dismiss the Complaint, filed on August 15, 2013 (ECF No. 14). (*See* RJN, ECF No. 24-2.) Both of these documents are available to the public and are certified and maintained by an official office. Their accuracy cannot therefore be reasonably disputed. Accordingly, the Court **GRANTS** Yahoo's RJN as to both documents.

///

---

[1] The Court has already addressed the copying issue, explaining that, while this error might suggest that the claim lacks factual basis, it does not warrant dismissal. (Order 6, ECF No. 18.)

# MOTION TO DISMISS

## I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend.

## II. Analysis

### A. Claim 1: Federal Trademark Infringement

In its December 4, 2013 Order, the Court found that Part's.com stated a plausible claim for federal trademark infringement. (Order 6, ECF No. 18.) In its MTD, however, Yahoo continues to argue that Parts.com fails to state a claim for federal trademark infringement. (MTD, 3–4, 8–9, ECF No. 24-1.) For some incomprehensible reason, Yahoo continues to base its argument on facts pleaded in the original Complaint rather than in the FAC. For example, Yahoo argues that Parts.com concedes its infringement claim because it does not plead that it had a protectable trademark in 2007. (MTD 7, ECF No. 24-1 (citing FAC ¶¶ 9–14, ECF No. 19).) The FAC, however, no longer alleges any infringing use in the year 2007, rendering this argument irrelevant. Because Yahoo's only new arguments revolve around this red herring, the Court finds no reason to stray from its initial determination concerning the adequacy of this claim. Accordingly, the Court **DENIES** Yahoo's MTD as to Parts.com's trademark infringement claim.

### B. Claim 2: Federal Trademark Dilution[2]

To state a claim for trademark dilution, Parts.com must allege facts showing that

---

[2] Yahoo's arguments concerning Parts.com's trademark dilution claim also reference the original Complaint rather than the FAC. (*See, e.g.*, MTD 5, ECF No. 24-1 (claiming that Parts.com must show that it had a famous mark in 2007).) For the reasons already explained, the Court will disregard these irrelevant arguments.

its mark (1) is famous, (2) is distinctive, and (3) was used in commerce by Yahoo after the mark became famous (4) in a manner "that is likely to cause dilution by blurring or dilution by tarnishment." 15 U.S.C. § 1125(c); *Visa Int'l Serv. Ass'n v. JSL Corp.*, 610 F.3d 1088, 1089–90 (9th Cir. 2010) (citing *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir.2008)). The Court addresses each element in turn.

    *i.*    *Fame of the Mark*

A viable claim for federal trademark dilution requires that the mark be famous at the time the defendant begins to use it. 15 U.S.C. § 1125(c)(1). "A mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." *Id.* § 1125(c)(2)(A). In determining whether a mark is famous, a court may consider "all relevant factors," including: (1) "[t]he duration, extent, and geographic reach of advertising and publicity of the mark"; (2) "[t]he amount, volume, and geographic extent of sales of goods or services offered under the mark"; (3) "[t]he extent of actual recognition of the mark"; and (4) whether the mark is registered. *Id.* § 1125(c)(2)(A)(i)–(iv).

The Court notes preliminarily that the Parts.com mark is federally registered, and thus the fourth factor weighs in favor of finding that Parts.com has sufficiently pleaded the element of fame. The Court analyzes each of the remaining factors below.

    a.    Factor 1: The Duration, Extent, and Geographic Reach of Advertising and Publicity of the Mark

The Court originally determined that this factor weighed in Yahoo's favor because Parts.com's allegations as to this element were too conclusory. (Order 11, ECF No. 18.) Specifically, the Court found that Parts.com had not sufficiently alleged its "advertising campaigns or presence in trade publications" and their geographic reach. (*Id.* at 11–12.) Parts.com has resolved these deficiencies in its FAC. Parts.com now alleges, *inter alia*, that the company and its mark were featured in a prominent trade publication and that the company has advertised nationwide to millions of television viewers. (FAC ¶¶ 8, 12, ECF No. 19.) Accordingly, this factor now weighs in favor

of finding the element of fame sufficiently pleaded.

      b.     Factor 2: The Amount, Volume, and Geographic Extent of Sales

Previously, the Court found that Parts.com failed to satisfactorily allege this factor, as it did not give "concrete factual allegations relating to sales." (Order 11, ECF No. 18.) Parts.com now alleges more specific facts regarding the amount, volume, and geographic extent of sales. Parts.com explains that it generates $5 million in annual revenue and has tens of thousands of customers, to which it has sold millions of automotive parts. (FAC ¶ 14, ECF No. 19.) Furthermore, Parts.com claims that today it "has over 6,500 [dealership] customers *across the United States* representing 45 vehicle lines." (*Id.* (emphasis added).) In light of Parts.com's allegations of significant nationwide sales, the Court finds that this factor weighs in favor of finding that Parts.com has sufficiently pleaded the fame element.

      c.     Factor 3: The Extent of Actual Recognition of the Mark

The Court previously determined that this factor favored Yahoo because Parts.com merely alleged its efforts to create brand recognition rather than actual public recognition of its mark. (Order 11, ECF No. 18.) In its FAC, Parts.com now adds that it has had "considerable success" in promoting the brand recognition of its mark. (FAC ¶ 9, ECF No. 19.) Parts.com also states that millions of people have viewed the mark in connection with its various advertising efforts. (*Id.* ¶ 12.) Considered *in toto*, Parts.com's factual allegations at least create a "facial plausibility" that the general public actually recognizes its mark. *Iqbal*, 556 U.S. at 663. Accordingly, this factor now weighs in favor of finding the element of fame adequately pleaded.

Because each of these factors favors finding that Parts.com has adequately pleaded the fame of its mark, the Court finds that Parts.com has sufficiently alleged the fame element of its trademark dilution claim.

      *ii.*     *Distinctiveness of the Mark*

Because the Parts.com mark is federally registered, there is a presumption that the mark is distinctive. *See* 15 U.S.C. § 1115(a) ("[A] mark registered on the principal

register . . . shall be admissible in evidence and shall be prima facie evidence of the validity of the registered mark."); *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1199 (9th Cir. 2009) ("Registration alone may be sufficient in an appropriate case to satisfy a determination of distinctiveness.") Furthermore, Parts.com alleges that Yahoo's infringement is "likely to dilute the distinctiveness" of its mark. (FAC 11, ECF No.19.) Accordingly, the Court finds that Parts.com has sufficiently pleaded that its mark is distinctive.

        *iii.*    *Yahoo's Use of the Mark in Commerce*

To satisfy this element, Parts.com need only allege facts that Yahoo began to use the Parts.com mark in commerce at "*any time*" after the mark became famous. 15 U.S.C. § 1125(c) (emphasis added). The United States Code defines "use in commerce" as

> the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. For purposes of this chapter, a mark shall be deemed to be in use in commerce—
>
> (1) on goods when—
>
> > (A) it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and
> >
> > (B) the goods are sold or transported in commerce.

*Id.* § 1127.

The Ninth Circuit has stated that targeted advertising that incorporates another's trademark may constitute use of that mark in commerce. *Playboy Enters., Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1022–23, 24 n.11 (9th Cir. 2004). Parts.com has extensively alleged Yahoo's use of the Parts.com mark in targeted advertisements. (*See, e.g.*, FAC ¶ 23, ECF No. 19 (alleging that Yahoo displays the Parts.com mark in conjunction with its advertising).) Further, because Parts.com claims that its mark's fame predates Yahoo's use, Parts.com alleges that Yahoo's use of the mark in commerce occurred after the mark purportedly became famous. (*Id.* at ¶ 38.)

Accordingly, the Court finds that Parts.com has sufficiently pleaded this element.

### iv. Likelihood of Dilution by Blurring or Tarnishment

Lastly, Parts.com alleges that Yahoo has diluted the distinctiveness of the Parts.com mark by displaying the mark in "search results and ads," which "lessen[s] the capacity of the parts.com mark to identify and distinguish Parts.com's goods and services." (FAC ¶¶ 38–39, ECF No. 19.) Yahoo's MTD fails to address this element.

Dilution by tarnishment is association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark. 15 U.S.C. § 1125; *see Playboy*, 354 F.3d at 1033 n.58 (explaining that tarnishment stems from an improper "associat[ion] with an inferior or offensive product or service"). While Parts.com alleges that Yahoo's use of the Parts.com mark is "tarnishing," it does not allege why Yahoo's advertisements are harmful to Parts.com's reputation. (FAC ¶ 39, ECF No. 19.) Accordingly, Parts.com has failed to plead dilution by tarnishment.

Dilution by blurring, on the other hand, is

> association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark. In determining whether a mark or trade name is likely to cause dilution by blurring, the court may consider all relevant factors, including the following:
>
> (i) The degree of similarity between the mark or trade name and the famous mark.
>
> (ii) The degree of inherent or acquired distinctiveness of the famous mark.
>
> (iii) The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark.
>
> (iv) The degree of recognition of the famous mark.
>
> (v) Whether the user of the mark or trade name intended to create an association with the famous mark.
>
> (vi) Any actual association between the mark or trade name and the famous mark.

15 U.S.C. § 1125(c)(2)(B); *see Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1166 (9th Cir. 2011).

The Court has already determined that Parts.com adequately alleges the fame of

its mark. As to the second and fourth factors, the Court has also found that Parts.com sufficiently pleads that its mark is distinct and nationally recognized. As to the first factor, Parts.com alleges that Yahoo is using an identical mark.[3] (FAC ¶ 18, ECF No. 19.) Concerning the third, fifth, and sixth factors, Parts.com has also alleged that, except for infringing parties, its use of the Parts.com mark has been exclusive since 2000, and that Yahoo intended to and succeeded in creating an association with the Parts.com mark. (*Id.* at ¶¶ 38, 15–26.) Thus, weighing the factors set forth in § 1125(c)(2)(B), the Court finds that Parts.com has sufficiently alleged a likelihood of dilution by blurring.

Because Parts.com's FAC satisfactorily alleges all four elements of a claim for trademark dilution, the Court **DENIES** Yahoo's MTD as to this claim.

## SANCTIONS

Yahoo asks the Court to order Parts.com to show cause why Parts.com should not be sanctioned for "wasting the Court's time with a false complaint and a false brief." (Reply 9, ECF No. 28.). However, in light of the foregoing, the Court finds that Parts.com has sufficiently pleaded both of its claims. Accordingly, Parts.com has not "wast[ed] the Court's time" with a frivolous complaint, and thus sanctions are unwarranted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Yahoo's RJN and **DENIES** its MTD.

**IT IS SO ORDERED**.

DATED: June 9, 2014

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[3] While Parts.com does not explicitly use the word "identical" in the FAC, Parts.com alleges that Yahoo is using the mark "parts.com," which, of course, *is* the Parts.com mark. Thus, drawing all reasonable inferences in favor of Parts.com, Parts.com alleges that Yahoo is using a mark with a high degree of similarity.